UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DE ROSE,

        Petitioner,

v.                                                      CASE NO. 07-12630
                                                      HONORABLE JOHN CORBETT O'MEARA

MICHIGAN PAROLE BOARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR TO GRANT LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Petitioner Joseph De Rose is a state prisoner at Parnall Correctional Facility in Jackson, Michigan. He has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. The habeas petition challenges the Michigan Parole Board's decision to deny Petitioner release on parole. Because Petitioner has not demonstrated that he is in custody in violation of federal law, his habeas corpus petition must be denied.

**I. Background**

      Petitioner was convicted of first-degree criminal sexual conduct in 1997. He is serving a sentence of twelve to twenty years in prison. He alleges that he has served his minimum sentence and was denied parole on April 14, 2007, even though he was rated as having a "high probability of parole" under the Michigan parole guidelines. Reasons given for the denial of parole were: (1) the parole guidelines score did not adequately reflect the victim's pain and suffering; (2) Petitioner took advantage of a child's trust; and (3) Petitioner is still focused on himself and demonstrates poor insight.

Petitioner did not seek judicial review of his claims in state court because state prisoners in Michigan have no right to appellate review of a parole decision. *Bickley v. Marscke* 44 Fed. Appx. 698, 700 (6th Cir. 2002) (unpublished); *Matson v. Mich. Parole Bd.,* 175 F. Supp.2d 925, 929 (E.D. Mich. 2001) (Cohn, J.); *see* Mich. Comp. Laws § 791.234(11) (granting only prosecutors and victims a right to appeal a parole decision). Petitioner filed his habeas corpus petition on June 20, 2007. The grounds for relief read:

1. Respondent Michigan Parole Board violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that Petitioner scored a "high probability" of parole on the mandatory parole guidelines, and was entitled presumptively to a parole in the absence of "substantial and compelling" reasons, and Respondent's denial of parole, in this particular case and limited to these particular circumstances, was egregious, arbitrary, capricious, and is repugnant to the Due Process of Law, and Petitioner is now being held in unlawful custody thereby.

2. The decision of the Michigan Parole Board involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States in *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454 (1989); *Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 467 (1981); and *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979).

## II. Discussion

Petitioner alleges that he is entitled to parole due to his excellent progress in prison and because he was rated as having a high probability of parole under the State's parole guidelines. He asserts that denying him parole under these circumstances is arbitrary, capricious, and fundamentally unfair.

### A. The State Law Claim

Mich. Comp. Laws § 791.233e(6) states that "[t]he parole board may depart from the parole guideline by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines . . . ." However, a departure from the recommended parole guideline must be "for substantial and compelling reasons stated in writing." *Id*. The statute does not define "substantial and compelling reasons," although it does say that the Parole Board may not use a prisoner's gender, race, ethnicity, alienage, national origin, or religion to depart from the parole guidelines.

Petitioner alleges that the Parole Board violated the mandates of § 791.233e by failing to provide substantial and compelling reasons for departing from the guidelines. This allegation raises a question of state law, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In conducting habeas review, a federal court is limited to deciding whether the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

**B. The Constitutional Claim**

Petitioner alleges that he has a limited liberty interest in parole and, therefore, a constitutional right to due process of law because he was rated as having a high probability of parole under the parole guidelines.

> The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," or it may arise from an expectation or interest created by state laws or policies.

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal and end citations omitted).

There is no constitutional right to be released on parole, *Greenholtz v. Inmates of the*

*Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and in Michigan, "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11); *see also Hopkins v. Michigan Parole Bd.*, 237 Mich. App. 629, 637; 604 N.W.2d 686, 691 (1999) (stating that "specific determinations whether to release prisoners on parole rest within the Parole Board's discretion"). The United States Court of Appeals for the Sixth Circuit therefore has concluded that Michigan's parole statute does not create a protected liberty interest in release on parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). The fact that the State "holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (emphasis in original).

Although § 791.233e(6) requires the Parole Board to provide "substantial and compelling reasons" for not granting parole to prisoners with a high probability of parole, "[a] parole guideline score in the high probability of parole range does *not* create a right for the prisoner to be paroled . . . ." Mich. Dept. of Corrections Policy Directive 06.05.100, at B. (Mar. 8, 2007) (emphasis in original). In fact, the Parole Board is prohibited from granting parole unless it "has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety." Mich. Comp. Laws § 791.233(1)(a). "[N]othing precludes [the Parole Board] from considering subjective factors in reaching a parole decision." *Killebrew v. Dep't of Corrs.*, 237 Mich. App. 650, 654; 604 N.W.2d 696, 699 (1999).

The Court concludes that state laws and policies in Michigan do not give rise to an expectation or interest in parole. Therefore, Petitioner lacks a liberty interest in parole and he has no constitutional right to due process. "Where an interest is not a protected one, there is no

cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

### III. Conclusion

Petitioner has failed to demonstrate that he is imprisoned in violation of federal law, and his state law claim is not cognizable on habeas review. Therefore, the petition for a writ of habeas corpus is DENIED. The Court DECLINES to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appeal from this decision could not be taken in good faith and, therefore, would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). Accordingly, the Court also DECLINES to grant leave to proceed *in forma pauperis* on appeal.

                                                                             s/John Corbett O'Meara
                                                                             United States District Judge

Date: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 30, 2008, by electronic and/or ordinary mail.

                                                                             s/William Barkholz
                                                                             Case Manager